IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

BALWINDER S. WHALA, *et al.*,       )
                                    )
    Plaintiffs,                     )
                                    )
        v.                          )    1:14cv894 (JCC/IDD)
                                    )
PNC BANK NATIONAL ASSOCIATION,      )
                                    )
    Defendant.                      )

**M E M O R A N D U M  O P I N I O N**

        This matter is before the Court on Defendant PNC Bank National Association's ("Defendant" or "PNC") Motion to Dismiss, [Dkt. 14], and corresponding Memorandum in Support, [Dkt. 15]. Plaintiffs Balwinder S. Whala and Jatinder K. Whala ("Plaintiffs" or "the Whalas") seek a judgment awarding them compensatory damages following the foreclosure of their home as well as the disgorgement of money PNC received from the alleged improper foreclosure. (*See* Am. Compl. [Dkt. 11] ¶¶ 27, 52, 67.) For the reasons set forth below, the Court will grant in part and deny in part Defendant's motion.

**I. Background**

        As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiffs' well-pled allegations to be true, and views all facts in the light most favorable to Plaintiffs. *See Mylan Labs., Inc. v. Matkari,* 7

F.3d 1130, 1134 (4th Cir. 1993). Plaintiffs' Complaint contains the following factual allegations.

On April 17, 2007, Plaintiffs obtained a home mortgage loan from Taylor Bean & Walker Mortgage Corporation ("Taylor Bean") for property located in Fairfax County, Virginia. (Am. Compl. ¶ 5.) The loan was evidenced by a note (the "Note") and secured by a deed of trust (the "Deed of Trust"). Upon default, Paragraph 6(C) of the Note entitles the holder to demand payment of the full unpaid amount after providing written notice to the borrowers. (*Id.*) The notice must specify a date after which full repayment may be requested that is at least thirty days following the mailing or delivery of the written notice. (*Id.* ¶ 6.) Similarly, in the event of borrower breach, Paragraph 22 of the Deed of Trust provides that the lender will give notice specifying the default, the actions needed to cure the default, a date by which the default must be cured, and an explanation that a failure to cure by the specified date may result in acceleration and the sale of the property. (*Id.* ¶ 7.) Paragraph 22 requires that the date by which the borrower must cure the default be no less than thirty days from the date notice is given. (*Id.*)

On October 14, 2010, Taylor Bean, acting through its purported agent Mortgage Electronic Registration Systems, Inc. ("MERS"), assigned the Note to Defendant. (Am. Compl. ¶ 53.)

2

As explained in greater detail below, Plaintiffs claim that MERS lacked authority to assign the Note, and thus, on October 14, 2010, Defendant was not in fact holder of the Note.

At some point following the assignment described above, Plaintiffs defaulted on the Note. (*See* Def.'s Mem. in Support at 2.) Defendant sent Plaintiffs a notice letter dated May 4, 2010. (Am. Compl. ¶ 10; Am. Compl., Ex. C.) The notice letter informed Plaintiffs that the mortgage payments would be accelerated and that foreclosure proceedings would be initiated if the default was not cured on or before June 3, 2010. (Am. Compl. ¶ 12.) Plaintiffs apparently did not cure the default. Defendant then appointed Samuel I. White, P.C. ("White") as a substitute trustee under the Deed of Trust and initiated foreclosure proceedings. (Am. Compl. ¶ 15-16.) White, acting on Defendant's behalf, conducted a foreclosure sale on May 2, 2011, and Venus Properties, LLC obtained title to the home. (*Id.* ¶¶ 21-24.) Venus Properties commenced an unlawful detainer action and Plaintiffs were forced to vacate the property. (*Id.* ¶ 29.)

Plaintiffs initially filed this action in Fairfax County Circuit Court. Defendant removed the case to this Court shortly after service on June 16, 2014. (Notice of Removal [Dkt. 1].) Plaintiffs then amended their complaint, per Federal Rule of Civil Procedure 15(a)(1)(B). Plaintiffs' Complaint

contains three counts. Count One alleges that Defendant breached the Note and Deed of Trust by providing insufficient notice of Defendant's intent to accelerate and foreclose the loan. (Am. Compl. ¶¶ 6-31.) According to Plaintiffs, Defendant's notice letter "over-stated the [amount] necessary to cure the default" and provided only twenty-eight days to cure. (*Id.* ¶ 13.) As a result, "PNC had no right to instruct White to foreclose on the home[.]" (*Id.* ¶ 17.) Count Two is significantly harder to decipher. It appears Plaintiffs are arguing that MERS lacked authority to assign the Note to Defendant, and thus Defendant "was not entitled to foreclose on the home" or appoint a substitute trustee to do the same. (*Id.* ¶¶ 32-59.) Count Three alleges that PNC has been unjustly enriched as a result of the improper foreclosure. (*Id.* ¶¶ 60-67.) Plaintiffs request PNC to disgorge $89,680, the amount of equity in their home that they lost as a result of the foreclosure. (*Id.* ¶ 67.)

PNC has now moved to dismiss all counts, claiming Plaintiffs have failed to state a valid claim to relief. (*See* Def.'s Mem. in Support at 1.) Having been fully briefed and argued, PNC's Motion to Dismiss is ripe for adjudication.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve

4

contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (citations omitted). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. *Id.* Based upon these allegations, the court must determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief. *Id.* Legal conclusions couched as factual allegations are not sufficient, *Twombly,* 550 U.S. at 555, nor are "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). The plaintiff, however, does

5

not have to show a likelihood of success; rather, the complaint must merely allege - directly or indirectly - each element of a "viable legal theory." *Twombly,* 550 U.S. at 562-63.

At the motion to dismiss stage, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Iqbal,* 556 U.S. at 678. Generally, a district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). It may, however, consider "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *see also Blankenship v. Manchin,* 471 F.3d 523, 526 n.1 (4th Cir. 2006). In addition, the court may consider documents attached to the defendant's motion to dismiss if those documents are central to the plaintiff's claim or are "sufficiently referred to in the complaint," so long as the plaintiff does not challenge their authenticity. *Witthohn v. Fed. Ins. Co.,* 164 F. App'x 395, 396–97 (4th Cir. 2006).

With the above standard in mind, the Court will address the sufficiency of Plaintiffs' claims.

### III. Analysis

#### A. Count One

As stated, Count One alleges that Defendant failed to comply with the notice requirements of the Note and Deed of

Trust and consequently the foreclosure is void or voidable. Plaintiffs first argue that Defendant's notice letter was inadequate because it overstated the amount due by including the next monthly installment. (Am. Compl. ¶ 13.) In Plaintiffs' own words:

> Exhibit C did not comply with the requirements of Paragraph 6(C) of the note or Paragraph 22 of the deed of trust . . . because it over-stated what was necessary to cure the default at the time by asserting that [Plaintiffs were] required to make the [next monthly] payment [due] on June 1, 2010 within two days of [the June 3, 2010, cure date.]

(*Id.*) Put differently, Defendant allegedly inflated the amount required to avoid acceleration and foreclosure by demanding payment of an amount not yet overdue.

Other federal courts in Virginia have rejected this same argument. *See Matanic v. Wells Fargo Bank, N.A.*, No. 3:12-cv-472, 2012 WL 4321634, at *4 (E.D. Va. Sept. 19, 2012) (addressing virtually identical facts and finding that "[r]equiring submission of the next regular monthly payment in order to cure default does not breach the agreement between the parties"); *see also Belote v. Bank of Am., N.A.*, No. 3:12CV526, 2012 WL 6608973, at *3 (E.D. Va. Dec. 18, 2012). The *Matanic* court stated that the acceleration notice's requirement that the borrower pay his regular monthly payment "was not a breach of the Note because it was a reminder to the borrower that paying

7

the amount required to cure the default does not relieve him of paying the regularly scheduled payment due before the cure period ends." 2012 WL 4321634, at *4. Following *Matanic*, the Court finds that the notice letter's requirement that Plaintiffs make their regularly scheduled payment in order to cure the default did not violate the terms of the Note or Deed of Trust. *See also Townsend v. Fed. Nat'l Mortg. Ass'n,* 923 F. Supp. 2d 828, 834 (W.D. Va. 2013). Thus, to the extent Count One is based upon this argument, it will be dismissed.

Plaintiffs also argue under Count One that Defendant back-dated the notice letter, thus failing to provide the necessary thirty-days' notice and allegedly breaching the terms of the Note and Deed of Trust. (Am. Compl. ¶ 13.) Taking these allegations as true, Plaintiffs have asserted facts sufficient to state a claim for which relief can be granted. *See Harrison v. U.S. Bank Nat'l Ass'n,* No. 3:12-cv-00224, 2012 WL 2366163, at *2 (E.D. Va. June 20, 2012) (holding that a borrower's claim that the defendant back-dated the notice of default letter and failed to provide thirty-days' notice was sufficient to survive a motion to dismiss).

PNC relies on *Condel v. Bank of America, N.A.* in urging the Court to dismiss this claim in its entirety. *Condel* involved facts similar to those here. 3:12CV212-HEH, 2012 WL 2673167, at *1 (E.D. Va. July 5, 2012). In *Condel*, Judge Hudson

8

considered plaintiff's allegations that "[n]o-one acting as creditor sent to Condel any notice that complied with the language set forth in the deed of trust" and that defendant maintained a "uniform practice of sending . . . back-dated [notices]" less than thirty days before acceleration of the recipient's loan. *Id.* at \*5. Noting that neither allegation specified whether the plaintiff did, in fact, receive a notice, Judge Hudson dismissed plaintiff's claim. *Id.* ("[I]f she did receive notice of some form, Rule 12(b)(6) requires that she provide at least some minimally detailed allegations as to the contents and nature of the letter.")

PNC also claims that "Plaintiffs have failed to plead or to explain in their opposition how the alleged deficiencies in the Notice of Default caused them any monetary harm." (Def.'s Reply [Dkt. 19] at 2.) A party alleging breach of contract under Virginia law must establish that the defendant owed the plaintiff a legally enforceable obligation, the defendant violated that obligation, and the plaintiff suffered injury or damage as a result of the defendant's breach. *Filak v. George*, 594 S.E.2d 610, 619 (Va. 2004). Further, "[a] material breach is a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Countryside Orthopaedics, P.C. v. Peyton*, 541 S.E.2d 279, 285

9

(Va. 2001). One of the essential purposes of a deed of trust is to protect the borrower from acceleration of the debt and foreclosure on the securing property prior to the fulfillment of the conditions precedent it imposes. *Matthews v. PHH Mortg. Corp.*, 724 S.E.2d 196, 200 (Va. 2012). It is undisputed that the Note and the Deed of Trust contained the thirty-day notice provision. Plaintiffs have alleged that PNC is in violation of that provision. Though Plaintiffs have not alleged that they could have cured the default had they had the benefit of two more days, this is not necessary. Instead, Plaintiffs have alleged that they suffered harm because PNC did not fulfill its contractual obligations under the Deed of Trust and the Note. As a result, they lost $89,680 of equity in their home. (*See* Am. Compl. ¶ 30); *see Matthews*, 724 S.E.2d at 199 ("[A] lender must comply with all conditions precedent to foreclosure in a deed of trust even if the borrowers are in arrears.") This is sufficient to make out a breach of contract claim.

Although Plaintiffs have not identified any evidence supporting the back-dating allegation, their specific assertion rises above the level of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal,* 556 U.S. at 678. The Court will not dismiss this well-pled claim at this stage but notes that this issue may be appropriate for summary judgment.

**B. Count Two**

In Count Two, Plaintiffs argue that Defendant was not holder of the note and therefore was not entitled to foreclose on the home or appoint a substitute trustee to the do the same. (Am. Compl. ¶¶ 56-57.) This argument is premised upon the theory that MERS lacked authority to assign the Note from the original lender to Defendant. According to Plaintiffs, "[n]othing in the deed of trust granted MERS any right to assign the note" and thus the foreclosure was invalid. (*Id.* ¶ 50.)

At the outset, the Court notes that Plaintiffs are neither party to nor intended beneficiaries of the assignment at issue. Nor does the Complaint allege that the Plaintiffs are entitled to such status. Accordingly, in the absence of an enforceable contract right, Plaintiffs lack standing to challenge the assignment's validity. *See Wolf v. Fed. Nat'l Mortg. Ass'n,* 830 F. Supp. 2d 153, 161 (W.D. Va. 2011), *aff'd*, 512 F. App'x 336 (4th Cir. 2013).

Regardless, Plaintiffs' argument fails in light of the plain language in the Deed of Trust. The Deed of Trust expressly states that MERS is the beneficiary in its capacity as "nominee for Lender and Lender's successors and assigns." (Am. Compl. ¶ 48.) The Deed of Trust further permits MERS, as

11

nominee, to act on behalf of the Lender. (*Id.*) Thus, by signing the Deed of Trust, Plaintiffs consented to MERS's authority to act on behalf of the lender. Every recorded decision to address the argument now advanced by Plaintiffs has concluded that the foregoing language is sufficient to permit MERS to assign the underlying note. *See McNeil v. Bank of Am., N.A.*, No. DKC 13-2162, 2014 WL 1831115, at *4 (D. Md. May 7, 2014); *Mabry v. MERS*, No. WMN-13-1700, 2013 WL 5487858, at *3 (D. Md. Oct. 1, 2013); *see also Wolf*, 830 F. Supp. 2d at 162 ("Recently, several different courts tasked with assessing the validity of similar assignments have concluded that MERS has the right to assign its rights under these mortgages or deeds of trust."). Plaintiffs have presented no compelling justification to depart from this line of cases. *See also Tapia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 697 (E.D. Va. 2010), *aff'd,* 441 F. App'x 166 (4th Cir. 2011).

Finally, Plaintiffs' contention that MERS improperly assigned the Note to Defendant is contradicted by factual allegations contained elsewhere in the Complaint. Plaintiffs specifically allege in Paragraph 41 that Taylor Bean "assigned the [N]ote in blank." (Am. Compl. ¶ 5.) Under Virginia law, an instrument endorsed in blank may be negotiated by possession alone, and such bearer is the holder of the instrument. *See* Va. Code §§ 8.3A-201 & -205; *see also* Va. Code § 8.3A-301 (stating

that the holder of a negotiable instrument is entitle to enforce it). As such, the amended complaint fails to plausibly suggest that Defendant had no rightful claim to enforce the Note or appoint a substitute trustee on account of an improper assignment from MERS.

Accordingly, the Court will grant Defendant's motion as to Count Two and dismiss this claim.

### C. Count Three

In Count Three, Plaintiffs allege that White acted *ultra vires* in conducting the foreclosure on PNC's behalf and that as a result PNC has been unjustly enriched. (Am. Compl. ¶ 67.) As previously discussed, PNC had authority under the Note and the Deed of Trust to conduct the foreclosure. Accordingly, a contract governs the relationship between PNC and Plaintiffs. Where a valid contract defines the obligation of the parties, the contract displaces a claim for unjust enrichment as to matters within its scope. *Lion Assocs., LLC v. Swiftships Shipbuilders, LLC*, 475 Fed. App'x 496, 503 (4th Cir. 2012) ("A cause of action for unjust enrichment is unavailable, however, when an express contract exists that governs [the relationship]."); *Young v. CitiMortgage, Inc.*, No. 5:12cv079, 2013 WL 3336750, at *6 (W.D. Va. July 2, 2013) (finding that deeds of trust and underlying promissory notes governed relationship between lender and plaintiff and therefore unjust

13

enrichment claim was barred). Therefore, the Court will grant Defendant's motion as to this claim and dismiss Count Three.

### VI. Conclusion

For the reasons set forth above, the Court will grant in part and deny in part Defendant's Motion to Dismiss. The Court will not allow Plaintiffs to amend because the underlying documents plainly bar the dismissed claims and consequently further litigation would be futile. *See Scott v. U.S. Bank, NA*, No. 2:09CV516, 2011 WL 10618730, at *2 (E.D. Va. Oct. 14, 2011) ("[A] motion to amend should be denied when the proposed amendment is futile." (citation omitted)). An appropriate order will follow.

|  | /s/ |
|---|---|
| September 30, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |